COMMONWEALTH *vs.* DANIEL LEWIS.

Essex.  February 2, 1987. — April 27, 1987.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal,* Waiver of trial by jury, Plea, Admission to sufficient facts to warrant finding. *Waiver. Constitutional Law,* Self-incrimination, Waiver of constitutional rights.

In the circumstances of the jury-waived trial of a robbery indictment, the parties' stipulation to what the Commonwealth's evidence would be, followed by defense counsel's resting his case, had the practical effect of either a plea of guilty or an admission by the defendant to sufficient facts to warrant a finding of guilty, and, where the judge, initially believing that the defendant intended only to waive his right to a jury trial, had neglected to advise him that, by pleading guilty or admitting to sufficient facts, he also waived his privilege against self-incrimination, the record did not demonstrate affirmatively that the defendant had knowingly and intelligently agreed to the disposition of his case. [763-764]

INDICTMENT found and returned in the Superior Court Department on May 23, 1984.

The case was heard by *Walter E. Steele,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Floyd H. Anderson* for the defendant.

*Richard A. McGovern,* Assistant District Attorney, for the Commonwealth.

NOLAN, J. Daniel Lewis was indicted on a charge of armed robbery while masked, of $13,000 from the Rockport National Bank in Rockport on May 16, 1984. The case was called to trial on February 4, 1985, at which time the defendant executed

a waiver of trial by jury and agreed to submit the determination of his guilt or innocence to the court.[1]

After the judge learned that the defendant had indicated his desire to waive his right to a jury trial, he addressed certain questions to him as to his age (twenty-two), scholastic background (high school graduate), whether he had ever been treated for a mental illness (no), and whether he had ingested any medication that day (no) or any drugs or alcohol on the previous day (no).

The judge informed him of the range of penalties for armed robbery and of his right to a jury trial. The defendant interrupted the judge and said that he had discussed the case with his attorney and with an attorney who previously had represented him and that "the circumstantial evidence is so overwhelming there is no possibility of being found innocent anyways. So my only resolve is to dispose of the case."

The judge was not deterred, however, from pursuing his warnings. The judge explained that people are chosen at random from the community to sit as jurors and that the defendant had the right to participate in the selection of jurors. The judge instructed the defendant as to his right of confrontation and cross-examination of adverse witnesses. The defendant said that he understood "all that." The judge continued to inform the defendant that, if his waiver were accepted, he, the judge, and not a jury would be the finder of facts. The judge asked whether the defendant had adequate opportunity to discuss the matter with his attorney before waiving his right to a jury trial, and the defendant answered that he had such opportunity and that his attorney had acted in his best interest. The judge then inquired as to any threats or improper suggestions that might have induced him to waive a jury trial, and the defendant reassured him that there had been no threats or other improprieties. Finally, the judge asked whether the defendant had understood everything which he had said to him and the defend-

---

[1] The defendant filed a motion to suppress statements, together with an affidavit, and the Commonwealth filed a memorandum in opposition. The record is silent as to a hearing on the motion to suppress and as to any action thereon.

ant said, "Of course I have." The judge then ruled that the defendant's waiver of his right to a jury trial had been made voluntarily and intelligently.

The parties stipulated to what the Commonwealth's evidence would be. The prosecutor recited in detail what the Commonwealth's witnesses would testify. The evidence of guilt was overwhelming. The Commonwealth then rested its case, and the defendant's attorney said that he had no questions, and that the defendant rested. The judge found him guilty and imposed sentence after the defendant's attorney was heard on sentencing and after the defendant had denied his involvement in the crime, though he again acknowledged the heavy weight of the evidence of guilt and the likelihood of his being found guilty in any event. The defendant appealed, and this court took the case on its own motion.

For all practical purposes, the defendant either offered to plead guilty or to admit to sufficient facts for a finding of guilt, despite his expression of a desire to waive his right to a jury trial. On two occasions, the defendant acknowledged the overwhelming evidence of guilt against him while protesting his innocence. After the prosecutor had recited all the evidence which the Commonwealth expected to produce, the defendant asked no questions and made no statement in derogation of the prosecutor's recital. He simply wanted to dispose of his case.

We need not concern ourselves with whether the defendant wished to plead guilty or to admit to sufficient facts, because an offer to admit to sufficient facts triggers the same safeguards required when a defendant offers to plead guilty. *Commonwealth* v. *Duquette,* 386 Mass. 834, 838 (1982). Though the judge scrupulously observed the procedure required when a defendant wishes to waive his right to a jury trial, he did not satisfy himself that the defendant voluntarily and intelligently offered to plead guilty.

A defendant's candid and accurate appraisal of the evidence while he continues to deny guilt permits a judge to accept a plea of guilty or an admission to sufficient facts *after* the defendant has satisfied him that he admits to the facts or pleads

guilty intelligently and voluntarily. See *North Carolina* v. *Alford,* 400 U.S. 25, 37 (1970); *Huot* v. *Commonwealth,* 363 Mass. 91, 99 (1973). "[W]here 'a defendant *intelligently* concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt' a plea may be accepted even if accompanied by protestations of innocence" (emphasis in original). *Henderson* v. *Morgan,* 426 U.S. 637, 648 n.1 (1976) (White, J., concurring), quoting *North Carolina* v. *Alford, supra* at 37.

We must address the question whether the record demonstrates affirmatively that the plea was voluntarily and intelligently made. *Boykin* v. *Alabama,* 395 U.S. 238, 242 (1969). At a minimum, the record must demonstrate that the judge advised the defendant that, in pleading guilty or in admitting sufficient facts, he waives three fundamental constitutional rights: (1) the right to a jury trial; (2) the right to confront witnesses; and (3) the privilege against self-incrimination. *Id.* at 243 (and cases cited). The judge in the instant case advised the defendant of the right to jury trial and the right of confrontation but said nothing about the waiver of his privilege against self incrimination. This failure is fatal here. *Id.*

There has evolved over the last few years a series of questions which the judge is required to propound to a defendant who offers to admit to sufficient facts or to plead guilty. See K.B. Smith, Criminal Practice and Procedure § 1238 (2d ed. 1983). He need not adhere slavishly to the published questions, but it must appear from the questions and answers that the defendant knew what he was doing and did so voluntarily. See *Commonwealth* v. *Morrow,* 363 Mass. 601, 604-605 (1973).

The judge here did not ask these questions because he believed that the defendant merely wished to waive a jury trial. As we have already indicated, we conclude that the defendant intended to plead guilty or to admit to sufficient facts and hence, he was entitled to have these questions propounded.

Therefore, the conviction is reversed and the case is remanded to the Superior Court.

*So ordered.*