COMMONWEALTH *vs.* JAMES E. DOZIER. August 4, 1987. *Practice, Criminal*, Plea, Waiver of trial by jury, Postconviction relief. *Constitutional Law*, Self-incrimination, Waiver of constitutional rights. *Waiver. Larceny. Intent. Rape. Burglary.*

On October 15, 1984, the defendant entered pleas of guilty to indictments charging him with aggravated rape, breaking and entering a dwelling in the nighttime and assaulting an occupant, and breaking and entering in the nighttime with intent to commit a felony.[1] A judge of the Superior Court accepted the pleas and sentenced the defendant to concurrent terms of imprisonment at M.C.I., Cedar Junction.

On June 27, 1985, the defendant filed a pro se motion (with supporting affidavit) to withdraw his pleas of guilty. See Mass.R.Crim.P. 30(b), 379 Mass. 900 (1979). The motion was subsequently amended with leave of court, a supplemental affidavit was filed, and counsel was appointed for the defendant.

An evidentiary hearing was held before the judge who had accepted the pleas at which the defendant's former counsel, an experienced criminal lawyer, testified. The judge denied the amended motion. The defendant argues that his pleas should be set aside because (1) he was not advised that he was waiving his privilege against self-incrimination; (2) the elements of the crimes were not explained to him and he did not admit to facts constituting the crimes; and (3) he was unable to assess intelligently the strength of the prosecution's case against him.

1. The colloquy on the guilty plea is not a model colloquy. The colloquy omits a warning that by offering pleas of guilty a defendant waives his privilege against self-incrimination. That omission, however, is not necessarily fatal to an intelligent plea. See *Commonwealth* v. *Morrow*, 363 Mass. 601, 604-605 (1973); *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. 491, 497 (1985). We are satisfied that the colloquy provides "basic assurances that the defendant, represented by counsel, with whom he has consulted, is free of coercion or the like, understands the nature of the crime[s] charged, knows the extent of his guilt, recognizes the basic penal consequences involved, and is aware that he can have a trial if he wants one." *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. at 498-499.

The defendant, who has an extensive criminal record, knew that he had no defense to the charges after his motion to suppress had been denied, that appeal from the order denying the motion to suppress would be futile, and that he was giving up his right to a jury trial with all that entails. He had discussed the case extensively with his counsel and also knew that he was receiving a favorable sentencing recommendation despite his background. He answered affirmatively the question, "You're offering to plead guilty because you are guilty and nothing else; is that correct?" Despite his

---

[1] A fourth indictment charging the defendant with carrying a dangerous weapon was placed on file without a change of plea.

argument to the contrary, he also admitted to facts as described by the prosecutor that established his guilt. The record clearly shows that it would not have made any difference to the defendant in his decision to enter guilty pleas if he had been told about his privilege against self-incrimination. *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. at 499.

The defendant argues that the recent decision in *Commonwealth* v. *Lewis*, 399 Mass. 761 (1987), overrules sub silentio the holdings in *Commonwealth* v. *Morrow*, 363 Mass. at 604-605, and in *Commonwealth* v. *Nolan, supra*, and requires the conclusion that a defendant who has not been advised of his right against self-incrimination is entitled automatically to withdraw his plea. This is not so. The *Lewis* decision is expressly confined to the facts involved in that case. See 399 Mass. at 764. Those facts indicate that the defendant in the case, while offering to plead guilty, "[o]n two occasions . . . protest[ed] his innocence." *Id.* at 763. The defendant in *Lewis* did not, therefore, categorically admit his guilt, unlike the defendant here, who unequivocally admitted facts establishing guilt and stated that he was offering pleas of guilty solely because he was guilty and for no other reason. We note as well that the *Lewis* decision does not purport to limit the authority of either the *Morrow* or the *Nolan* decisions.

2. The balance of the defendant's arguments can be resolved without extended discussion.

During the colloquy, the defendant claimed to have discussed the case with his plea counsel several times, including the night before he offered his pleas. His plea counsel testified that, "I went over the questions. I don't like to use the word standard questions, but the standard questions that a [j]udge often asks of a defendant at the time of a plea." The judge also asked the defendant whether counsel had explained to him "the elements of each crime which the Commonwealth would have to prove on each crime," and the defendant answered, "Yes, he has." See *Commonwealth* v. *McGuirk*, 376 Mass. 338, 343-344 (1978), cert. denied, 437 U.S. 1120 (1979) ("a representation that counsel has explained to the defendant the elements he admits by his plea" is an adequate substitute for the judge's explanation of these elements). In addition, the defendant admitted that he had committed the acts described by the prosecutor and understood that by offering to plead guilty he was admitting the truth of the facts asserted by the prosecutor.

(a) The defendant does not contest that he admitted to facts constituting the crime of rape. However, he argues that if his plea to the aggravating offense (the burglary and assault on an occupant) is invalid, then his plea to aggravated rape is also invalid. As we uphold the plea to the aggravating offense, there is no defect in the defendant's plea to aggravated rape.

(b) Since the burglary of the rape victim's house took place at approximately 4:00 A.M. at the end of February, 1984, the prosecutor's recitation of the facts supports an inference that the door to the dwelling was not open at the time of the defendant's entry. As for the necessary intent to commit

a felony, the prosecutor stated that after the burglary, the victim's mother discovered that approximately thirty-two dollars was missing from her purse. In these circumstances, "proof of the actual commission of the larceny is decisive proof of the intent with which the entry was made. The overt act leaves no room for doubt as to the felonious purpose with which the previous criminal act was perpetrated." *Commonwealth* v. *Ronchetti*, 333 Mass. 78, 81 (1955), quoting from *Commonwealth* v. *Carter*, 306 Mass. 141, 149 (1940). It is a reasonable inference that the rape may not have been premeditated before the entry but that it occurred when the defendant came upon the victim. *Commonwealth* v. *Ronchetti*, 333 Mass. at 82. Thus, there was a sufficient factual basis for the pleas to burglary and assault on an occupant.

(c) The defendant also entered a guilty plea to the breaking and entering of "the dwelling house occupied by John Dowling . . . with intent to commit a felony." According to the prosecutor, "[a]ccess to [Dowling's] apartment was gained by going through three doors: one exterior door to a porch, an interior door to a small foyer at the bottom of a set of stairs, and a third door at the top of the stairs to the Dowling apartment. The footsteps . . . Dowling heard were running down those stairs to the porch; he then heard the door at the bottom of the stairs slam shut." This recitation of facts is ambiguous as to the layout of the building. We cannot tell from the prosecutor's statement alone whether the stairs were in an area under the exclusive control of Dowling, as the Commonwealth claims, or were a common area of the premises, as the defendant's appellate counsel asserts. We agree with the Commonwealth, however, that it is unlikely that Dowling would have become disturbed enough to call the police by the sound of someone running down a common stairway. The logical inference, when the facts are considered along with the defendant's representation that his counsel had adequately explained the elements of the crime to him, is that a sufficient factual basis exists for the plea to this crime. See *Commonwealth* v. *McGuirk*, 376 Mass. at 343-344. We are not persuaded to the contrary by the defendant's argument that he did not understand the elements of this offense. In so holding, we need not reach the issues that might be suggested by reference to *Commonwealth* v. *Goldoff, ante* 458 (1987).

(d) As noted above, the defendant was well aware from the beginning of his case that his only hope lay in prevailing on his motion to suppress, and that he otherwise had no defense. We see no merit in his rather novel contention that even if the pleas satisfied the requirements of *Henderson* v. *Morgan*, 426 U.S. 637 (1976), and *Commonwealth* v. *McGuirk, supra*, they were nonetheless involuntary because he was not given sufficient information to assess the strengths and weaknesses in the prosecutor's case.

*Order denying amended motion to*
*withdraw pleas of guilty affirmed.*

*Ellen K. Wade* for the defendant.
*Robert J. Carnes*, Assistant District Attorney, for the Commonwealth.