COMMONWEALTH *vs.* ALPHONSO FEASTER. No. 87-273. November 13, 1987. *Practice, Criminal,* Waiver of trial by jury, Plea, Admission to sufficient facts to warrant finding. *Waiver. Constitutional Law,* Self-incrimination, Waiver of constitutional rights.

The defendant, convicted of armed robbery, armed assault with intent to murder, and two assaults and batteries by means of a dangerous weapon, seeks reversal of his convictions on the ground that he was permitted, in effect, to plead guilty without having been advised that he was waiving his privilege against self-incrimination. We think we are obliged by *Commonwealth* v. *Lewis,* 399 Mass. 761 (1987), to accept that contention. Here, as in *Lewis,* the defendant indicated that he wished to waive trial by jury and was engaged in the colloquy appropriate to that waiver. By stipulation, the Commonwealth put in evidence the grand jury minutes and rested. The defense rested without calling a witness. Both sides waived argument, and the judge, who had previously read the grand jury minutes, found the defendant guilty of the charges. At sentencing, when asked for his recommendation, the prosecutor demurred, and it became apparent that he and the defendant's counsel had agreed at the time of the stipulation to follow the procedure employed by the judge in guilty plea cases (whereby the judge would pronounce sentence first, then receive the Commonwealth's specific recommendation, and would permit the defendant to withdraw his plea if the sentence pronounced exceeded the recommendation and the judge was unwilling to reduce it). The judge accordingly pronounced sentence and then reduced it slightly on learning the maximum previously agreed to by the prosecutor and the defendant's counsel.

All this transpired before the *Lewis* decision was released; presumably the judge assumed that a trial where the testimony was stipulated, unlike one where the facts were stipulated (see *Commonwealth* v. *Hill,* 20 Mass. App. Ct. 130 [1985]), would not be treated as analogous to a guilty plea. See, however, the caution sounded in *Commonwealth* v. *Stevens,* 379 Mass. 772, 776 (1980).

The Commonwealth's attempt to analogize this case to *Stevens* fails for two reasons: first, the judge in *Stevens* rejected the stipulation and required the Commonwealth to put its witnesses on the stand; and, second, in *Stevens* the defendant affirmatively indicated his intent not to plead guilty in order to preserve his right to appellate review of certain alleged pretrial irregularities. It was clear in *Stevens,* in other words, that the defendant was not pleading guilty but was electing to contest his guilt on legal rather than factual grounds. Compare *Commonwealth* v. *Garcia,* 23 Mass. App. Ct. 259, 264-267 (1986), where the defendant contested the charges against him only through a motion to suppress evidence crucial to the Commonwealth's case. In this case, however, as in *Lewis,* the defendant stipulated to clearly incriminating testimony and forwent any alternate defense.

Nor is this case analogous to *Commonwealth* v. *Morrow,* 363 Mass. 601, 604-605 (1973), *Commonwealth* v. *Nolan,* 19 Mass. App. Ct. 491,

497-498 (1985), and *Commonwealth* v. *Dozier,* 24 Mass. App. Ct. 961 (1987), in each of which the defendant was engaged in a colloquy from which the knowing and intelligent nature of the guilty plea could be inferred despite a failure to enumerate explicitly one or more of the waived rights (jury trial, confrontation, self-incrimination). Here, as in the *Lewis* case, because the judge at the time of the colloquy thought it only related to waiver of trial by jury, the colloquy wholly omitted questioning which would have put on the record the defendant's understanding that he was in effect pleading guilty and understood the implications of that election (e.g., knowledge of the elements of the crimes charged or an admission to facts which constitute those crimes, see *Commonwealth* v. *Begin,* 394 Mass. 192, 197 [1985]). Compare *Commonwealth* v. *Duquette,* 386 Mass. 834, 841-842 (1982), where, as in the *Lewis* case and this case, the record failed to show that the defendant even understood that he was, in effect, pleading guilty.

Accordingly, the defendant must be accorded the opportunity for a new trial. The judgments are reversed, and the cases are remanded for further proceedings not inconsistent herewith.

*So ordered.*

*Douglas C. Marshall* for the defendant.
*Jane Rabe,* Assistant District Attorney, for the Commonwealth.