COMMONWEALTH *vs.* RICHARD C.A. BABCOCK, JR.

No. 87-723.

Worcester. January 7, 1988. — April 25, 1988.

Present: KASS, SMITH, & FINE, JJ.

*Practice, Criminal,* Plea, Admission to sufficient facts to warrant finding, Trial jury-waived. *Constitutional Law,* Waiver of constitutional rights, Confrontation of witnesses. *Waiver.*

At the trial of sixteen indictments for serious felonies including a particularly heinous sex crime, there was, in the circumstances, no error in the judge's permitting the defendant, with advice of counsel, to have the case tried jury-waived on documentary and photographic evidence alone, without the procedural safeguards which must attend a guilty plea. [689-691]

Statement of principles to guide the judge in a criminal trial when the defendant wishes to have his case considered on documentary evidence alone, thereby waiving basic constitutional rights, including the right to confront the witnesses against him. [691-692]

INDICTMENTS found and returned in the Superior Court Department on June 9, 1986.

The cases were heard by *Herbert F. Travers, Jr.,* J.

*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant.

*Daniel F. Toomey,* Assistant District Attorney, for the Commonwealth.

KASS, J. Together with Joseph L. Allen, Jr., the defendant Babcock broke into a house in the nighttime to steal. While about that enterprise, Babcock and Allen woke from her sleep a fifteen year old young woman whom they abducted and later blindfolded, gagged, and serially raped. It was an appalling crime which the two men perversely commemorated with photographs of themselves tormenting their victim. Babcock[1]

---

[1] His trial was severed from that of Allen.

was found guilty by a Superior Court judge of forcible rape of a child, forcible unnatural rape of a child, armed burglary, armed robbery, kidnapping, assault and battery, larceny in a building, indecent assault and battery, breaking and entering and larceny, and assault by means of a dangerous weapon. The judge imposed concurrent sentences of fifteen to thirty years on the major offenses and lesser, concurrent sentences on the offenses which were minor only by comparison.

The basis of Babcock's appeal is that the trial judge took from him a de facto guilty plea without observing the procedural safeguards that must attend such a plea, contrary to the course laid out in *Commonwealth* v. *Lewis*, 399 Mass. 761, 762-764 (1987), and thereafter marked in *Commonwealth* v. *Feaster*, *post* 909 (1987).

As in *Lewis* and *Feaster*, the defendant elected to waive trial by jury, and the trial judge engaged the defendant in a colloquy to assure that the defendant's waiver on that point was intelligent and voluntary. Asked whether he had discussed "this matter at some length" with his lawyer, the defendant responded affirmatively. It is apparent from the record that the prosecutor and defense counsel had at some earlier, unrecorded conference with the judge decided to place the case before him on documentary and photographic evidence. A reason which the judge remarked for doing so was the youth of the victim, i.e., to attempt to spare her the additional trauma of testimony.

Unlike the facts in *Lewis*, the defendant made no remarks indicating that he thought his case was hopeless and that he just wanted "to dispose of the case." Compare *Commonwealth* v. *Lewis*, 399 Mass. at 762. In *Lewis*, the facts are redolent of plea bargain. The defendant, on the record, protested his innocence, but acknowledged the existence of overwhelming evidence against him. *Id.* at 762, 763. The prosecutor recited what the Commonwealth's witness would testify. *Id.* at 763. As the court observed, the defendant offered the substance of a plea of guilty or admission of sufficient facts for a finding of guilt, without actually giving voice to the words. *Ibid*.

Similarly, in *Commonwealth* v. *Feaster*, *ante* at 909, the smell of plea bargain was heavy in the atmosphere of the pro-

ceeding. By stipulation, the Commonwealth put in evidence the grand jury minutes. Those the trial judge in *Feaster* had previously read and he at once found the defendant guilty of the charges. The judge pronounced sentence and "reduced it slightly on learning the maximum previously agreed to by the prosecutor and the defendant's counsel." *Ibid.* In *Feaster*, as in *Lewis*, the defendant stipulated incriminating testimony and made no defensive case.

In subtle, but sufficiently significant ways, this case stands on a different footing. There is no expression by the defendant that he simply wanted to get the whole business over with. There is no sign of plea bargain. Defense counsel recommended a ten to fifteen year sentence in State prison. The Commonwealth asked for twenty-five to forty years. The judge imposed a primary sentence of fifteen to thirty years. In *Lewis* and *Feaster*, the testimony of the witnesses was stipulated. Here the documentary evidence, although mostly testimonial in nature, i.e., statements of victims, police officers, Allen and Babcock, included real evidence: the photographs, which corroborated the crimes described by the victim in the statement she had given to the police. Statements given by the defendant sought to minimize his role in the sexual assault.

When a case involves a particularly heinous sex crime, proceeding on the demonstrative and paper evidence may have tactical advantages for a defendant. If one considers the extraordinary circumstance that Allen and Babcock had photographed themselves in the act, not much was to be gained by having the victim reinforce that evidence with the emotional wallop of having her recount her nightmare on the witness stand. Reasonably, the defense could prefer to have the judge consider paper evidence in the abstract. The judge had sixteen indictments to consider, and there was a possibility that on the cold record he might conclude less than all had been proved and, in all events, might be less severe at the time of disposition than he might be after contemplating the victim. So far as the defendant was concerned, his decision not to plead guilty was not wholly irrational. Apparently he was not able to obtain a plea bargain. His statement, part of the documentary submission

to the judge, contained some exculpatory matter which the defendant, his hope father to the thought, would regard as persuasive.

On the peculiar facts of this case, we conclude that the defendant, with advice of counsel, could think that a submission on the paper evidence would be the lesser evil in presenting a difficult case and that he did not, "[f]or all practical purposes," see *Commonwealth* v. *Lewis*, 399 Mass. at 763, plead guilty.[2] The judgments, therefore, may be affirmed.

As this case demonstrates, however, the procedure employed by the judge (the trial occurred before *Lewis* was decided) should not be followed. It invites appeals of the most hairsplitting sort and cannot be justified to save court time. The alternative is not necessarily to parade before the judge witnesses whose testimony cannot be avoided or rebutted and whose appearance, as in the instant case, is likely to exacerbate the defendant's predicament. The trial judge should, without eliciting from the defendant a plea of guilty which the defendant is disinclined to offer, question the defendant whether he recognizes that 1) he is entitled to confront witnesses against him; 2) the Commonwealth has the burden of proving the offense beyond a reasonable doubt; 3) he may be giving up the right not to incriminate himself; 4) he is giving up the right to cross-examine; and 5) that he is acknowledging evidence likely to lead to a finding of guilty. See *Boykin* v. *Alabama*, 395 U.S. 238, 243 (1969); *Henderson* v. *Morgan*, 426 U.S. 637, 644-645 (1976); *Commonwealth* v. *Duquette*, 386 Mass. 834, 841-847 (1982); *Commonwealth* v. *Carter*, 396 Mass. 234, 236 (1985). This is not, we emphasize, a checklist. See *Commonwealth* v. *Morrow*, 363 Mass. 601, 604-605 (1973). The point of *Lewis* and *Feaster*, which we merely restate, is that, when a defendant surrenders in gross the basic constitutional protections afforded to a person accused of a crime, the judge

---

[2] Babcock's case does not appear to have been one in which the defendant sought, by declining to plead guilty, to maintain appellate rights from the denial of defense pretrial motions. A defense motion to suppress evidence had been filed but was never (at least so far as the docket discloses) acted upon. Compare *Commonwealth* v. *Stevens,* 379 Mass. 772, 774-776 (1980).

should engage in a probing exchange to ascertain that the defendant understands what he is doing. See *Commonwealth v. Nolan,* 19 Mass. App. Ct. 491, 501-502 (1985); Smith, Criminal Practice and Procedure § 1238 (2d ed. 1983).

*Judgments affirmed.*