COMMONWEALTH vs. CURTIS GARRETT, JR. No. 87-1390. August 23, 1988. *Practice, Criminal,* Assistance of counsel. *Constitutional Law,* Waiver of constitutional rights, Assistance of counsel. *Waiver.*

In his pursuit of postconviction relief from three convictions of armed robbery, the defendant has been here before. 22 Mass. App. Ct. 1110 (1986). On that occasion, we remanded the matter for an evidentiary hearing, concluding that the defendant had raised substantial issues concerning: (1) counsel's informing the judge (the trier of fact), during a lobby conference held before the Commonwealth had rested, that the defendant "is willing to allow the Commonwealth at this point to rest and for [the judge] to find him guilty of the charges"; and (2) the possible application of *Commonwealth*

v. *Donovan*, 392 Mass. 647 (1984), and other evidentiary problems concerning identification.

The evidentiary hearing has now been held. The trial judge has made findings of fact and has denied postconviction relief. We reverse that order and remand for a new trial.

Counsel's statement that the defendant was willing for the judge to find him guilty was made in chambers without the defendant being present. The record at trial does not show any personal acquiescence or even awareness by the defendant of the statement made by counsel. After the conference, the judge did not question the defendant. He merely asked if cross-examination of the last witness was over, and when he heard that it was, asked whether the Commonwealth was resting its case. After the prosecutor rested, counsel for the defendant stated that the defendant had asked him to inform the court that he would rest and would waive argument. The judge immediately found the defendant guilty.

Evidence at the postconviction hearing indicated the existence of serious distrust between the defendant and counsel prior to trial.[1] Indeed, the defendant had waived his right to counsel (and to a jury) and had proceeded pro se with the attorney as standby counsel. Just prior to the lobby conference, he asked counsel to resume responsibility for the remainder of the proceedings. The record at trial, however, does not reflect that decision. Immediately after the defendant's request, counsel made the statement previously recounted.

At the evidentiary hearing on remand from this court, counsel explained that he felt that the route he was taking was the best opportunity to minimize "what I felt was going to be a rather lengthy jail sentence." He testified that, although the defendant did not want to plead guilty as he claimed he hadn't "done them" (the robberies), what counsel had said to the judge at the lobby conference was approved by the defendant. Not surprisingly, the defendant denied that he had agreed to this course of action or that he knew of the statement prior to the time he received a transcript. The first he knew of the statement, according to the defendant, was some time in 1983 when he discovered that counsel had failed to file an appeal.[2]

Although we accept the trial judge's finding that "everything said by the defendant's attorney was . . . authorized," we conclude that where there purports to be an important concession or waiver, i.e., the defendant supposedly being willing to have the judge find him guilty, the record must at least show that the defendant either personally made the concession or

---

[1] The court-appointed attorney had previously unsuccessfully defended the defendant on similar charges, and prior to the trial on the current charges, the defendant had written to counsel suggesting that counsel had been involved in a conspiracy with the district attorney against the defendant. Counsel had replied in a letter, "I very strongly resent" that suggestion. Counsel and the defendant had had very little contact concerning this case prior to trial.

[2] No appeal was ever filed.

acquiesced in his lawyer's account.[3] Cf. *Brookhart* v. *Janis*, 384 U.S. 1, 8 (1966). Cf. also *Commonwealth* v. *Stevens*, 379 Mass. 772, 776 (1980); *Commonwealth* v. *Lewis*, 399 Mass. 761 (1987); *Commonwealth* v. *Feaster*, 25 Mass. App. Ct. 909 (1987); *Taylor* v. *Illinois*, 484 U.S. 400, 418 n.24, and accompanying text (1988). Counsel's testimony at the evidentiary hearing that the statement in chambers was authorized is not sufficient, especially where, as here, ill feelings existed between counsel and the defendant prior to trial.[4]

We do not reach the evidentiary points. Different evidence will be available at a new trial, and we think it preferable that the judge presiding at the new trial should hear anew any motions for suppression of evidence unaffected by any decisions made at the postconviction hearing.[5]

The order denying the motion for postconviction relief is reversed, the judgments are reversed, the verdicts set aside, and the case is to stand for a new trial in the Superior Court.

*So ordered.*

*John M. Thompson* for the defendant.

*Elizabeth R. Dunphy*, Assistant District Attorney, for the Commonwealth.

---

[3] We need not decide whether the statement was, in effect, a plea of guilty which would require the colloquy of *Boykin* v. *Alabama*, 395 U.S. 238 (1969).

[4] Trial judges would also be well advised to have the defendant state in open court on the record that it is his decision to have standby counsel assume full representation. Cf. *McKaskle* v. *Wiggins*, 465 U.S. 168, 178 (1984).

[5] On the record before us there does not appear to be any factual support for the finding made, after the evidentiary hearing, that the identification of the defendant by one of the victims of the robbery occurred *before* the defendant was arraigned. See *Commonwealth* v. *Key*, 19 Mass. App. Ct. 234 (1985). The finding may be explained by counsel's statement at the fateful lobby conference that the defendant's arraignment was on other charges. Counsel was clearly in error as evidenced by the records of the District Court contained in the record appendix.

