COMMONWEALTH *vs.* LEON L. ABRAMS.

No. 97-P-1066.

Suffolk. January 22, 1998. - April 13, 1998.

Present: WARNER, C.J., BROWN, PERRETTA, & JACOBS, JJ.[1]

*Practice, Criminal,* Waiver of trial by jury, Stipulation.

The record of a criminal proceeding demonstrated that the defendant made a valid waiver of his right to trial by jury and then proceeded to a jury-waived trial on stipulated testimony: the defendant was not entitled to a new trial on the ground that the proceeding was a de facto guilty plea without the required colloquy. [588-589]

INDICTMENT found and returned in the Superior Court Department on September 16, 1983.

The case was heard by *Augustus F. Wagner, Jr.,* J., and a motion for new trial, filed on June 11, 1996, was considered by *Suzanne DelVecchio,* J.

*Kristine Luongo Tammaro,* Assistant District Attorney, for the Commonwealth.

*Tracy A. Miner* for the defendant.

WARNER, C.J. The Commonwealth appeals from an order granting the defendant a new trial. Some eleven years after being convicted of manslaughter, the defendant filed a motion styled as one to withdraw admission to sufficient facts in the Superior Court.[2] The judge allowed the motion, treating it as

[1]This case was originally heard by a panel comprising of Justices Brown, Perretta, and Jacobs, and was thereafter submitted on the record and briefs and tape of oral argument, to Chief Justice Warner (who was originally a member of the panel assigned to hear the case), all of whom took part in the decision of the case in accordance with Mass.R.A.P. 24(a), 365 Mass. 872 (1974).

[2]The motion was filed approximately four months after the defendant was convicted of additional offenses by a Federal jury. The Superior Court conviction would result in an enhanced sentence on the Federal charges.

one for a new trial, on the ground that the trial judge had impermissibly "conduct[ed] a trial by stipulated facts." On appeal, the Commonwealth argues that the proceeding that resulted in the defendant's conviction was a valid, jury-waived trial and that the judge, therefore, should have denied the defendant's motion. The defendant maintains that the proceeding was not a trial at all, but rather, a de facto guilty plea, taken without the benefit of the procedural safeguards that must accompany such a plea.[3] We note that the judge who allowed the defendant's motion was not the trial judge. Accordingly, because the motion in this case was decided entirely on the papers, we are in as good a position as the motion judge to assess the trial record, and therefore, the strength of the defendant's claim. *Commonwealth* v. *Tucceri,* 412 Mass. 401, 409 (1992).

The relevant facts are these. On September 16, 1983, a Suffolk County grand jury indicted the defendant for murder in the first degree, G. L. c. 265, § 1. On December 18, 1984, the defendant and three codefendants, Anthony Freeman, Mark White, and Herbert Johnson, appeared before a Superior Court judge. In the presence of the defendant, the prosecutor indicated that the defendant wished to proceed with a jury-waived trial, and that each of the codefendants intended to plead guilty to a reduced charge of manslaughter. He also stated that a waiver evidencing the defendant's wish had been filed with the clerk,[4] and moved for trial against the defendant on so much of the indictment as charged manslaughter. The prosecutor further explained that, rather than presenting live witnesses, the defendant had agreed to stipulate to the substance of the testimony of such witnesses, if they were to appear in court. The clerk then addressed the defendant as follows: "Leon L. Abrams, please stand. You are now set at the bar to be tried, having filed a written waiver of trial by jury." The defendant was sworn, and the judge conducted a waiver colloquy. See *Ciummei* v. *Commonwealth,* 378 Mass. 504, 509-510 (1979). First, he asked the defendant whether he understood that he had an absolute right to a jury trial and that only he could waive

---

[3]In support of his motion, the defendant characterized the proceeding as an admission to sufficient facts rather than a guilty plea. The same procedural safeguards are required whether a defendant pleads guilty or admits to sufficient facts. *Commonwealth* v. *Lewis,* 399 Mass. 761, 763 (1987). Because we conclude that the proceeding at issue was a valid, jury-waived trial, we do not consider whether the procedural requirements were satisfied.

[4]The waiver, in proper form, appears in the record.

that right, and whether he had discussed that right with counsel. The defendant answered affirmatively. The judge also asked the defendant whether he had consumed drugs or alcohol and whether he had been treated for any mental illness or was suffering from mental illness, to which the defendant answered no. The judge next asked whether the defendant understood the trial process, whether he had previously participated in a trial by jury, and whether he understood the presumption of innocence and the Commonwealth's burden of proving its case beyond a reasonable doubt. The defendant again indicated that he understood, and stated that he had previously participated in a jury trial. He further stated that he had discussed these matters with counsel. The judge went on to inquire whether the defendant understood that in a jury-waived trial, the judge, rather than a jury, would decide issues of credibility, and that if the defendant were ultimately found guilty, the judge would also determine the appropriate penalty. Again, the defendant stated that he understood, and that he had fully discussed the matter with counsel. Finally, the judge asked whether the defendant waived his right to a jury trial, and the defendant answered, "I do."

After establishing that the defendant had validly waived his right to a trial by jury, the judge continued the colloquy, shifting the focus to the unique nature of a trial conducted on stipulated testimony. In this regard, the judge asked the defendant whether he understood that witnesses who would normally appear in court to testify on behalf of the Commonwealth would not appear, and that the prosecutor would instead, through "his spoken word" and through written reports, introduce the evidence. The judge also asked the defendant whether he understood that because the witnesses would not be present in court, the judge would not be in a position to evaluate their credibility based on their demeanor and appearance. Finally, the judge asked the defendant whether he understood that he would not have the opportunity to cross-examine the Commonwealth's witnesses. The defendant answered each of these questions affirmatively, and further indicated that he wished to proceed. On this record, we conclude that the defendant elected to waive his right to a trial by jury, that he was fully aware of the ramifications of proceeding to trial on stipulated, rather than live, testimony, and that the colloquy conducted by the judge was sufficient to ensure "that the defendant's waiver . . . was intelligent and voluntary."

*Commonwealth* v. *Babcock*, 25 Mass. App. Ct. 688, 689 (1988). For the reasons which follow, we also conclude that the defendant received a valid, jury-waived trial.

In examining the validity of the defendant's claim that this proceeding was nothing more than a de facto guilty plea, we must determine "whether the defendant effectively stipulated to the truth of facts which constituted all the elements of the offense charged and were conclusive of guilt or whether he simply stipulated that the Commonwealth's witnesses would testify in the manner asserted by the prosecutor. If [he] did nothing more than stipulate as to evidence which warranted, but did not require, [a] finding[] of guilty, he is not to be taken as having pleaded guilty." *Commonwealth* v. *Garcia*, 23 Mass. App. Ct. 259, 265 (1986) (citations omitted). Indeed, "subtle, but sufficiently significant" factors differentiate a bench trial from a plea of guilty. *Commonwealth* v. *Babcock, supra* at 690. After securing the necessary waiver of the defendant's right to a jury trial, the judge, in the presence of the defendant, engaged the remaining three codefendants in plea colloquies, the adequacy of which is not challenged here. He then cautioned the defendant to listen carefully to the Commonwealth's presentation, and reminded him that he had "stipulated that . . . the evidence [about to be recited by the prosecutor was] being presented against [him] in this jury-waived trial." The prosecutor proceeded to outline the evidence against all four men and, with respect to Abrams, offered two Boston police incident reports and the minutes of the grand jury proceedings. These documents were marked and admitted in evidence as Exhibit 1. After the prosecutor's presentation, the judge confirmed with defense counsel that the defendant had examined the contents of Exhibit 1 and that in addition to "the evidence presented by the spoken word of the [prosecutor, he also] stipulate[d] to that evidence." Defense counsel thereupon immediately requested permission to "make a representation myself as to the evidence that the defendant would present if this case went to trial." After the three codefendants were offered the opportunity to withdraw their guilty pleas, the defendant's counsel was allowed to summarize his case. He stated that if the defendant were to present evidence he would call a minimum of three witnesses, identified the witnesses by name, and described in detail the facts to which each would testify, which contradicted those recounted by the prosecutor. Counsel then indicated that he had

no further evidence. The judge offered the Commonwealth and the defendant the opportunity to make closing arguments, and both declined. After a pause, the length of which is not evident from the record, the clerk read the verdict; the defendant was found guilty of manslaughter. The judge subsequently heard each of the defense attorneys and the prosecutor on the issue of sentencing, and imposed sentences on all four defendants.

We hold that the foregoing proceeding constituted a valid, jury-waived trial. The defendant's trial and the proceeding in which the codefendants pleaded guilty were clearly distinct. Indeed, the defendant was distinguished from his codefendants at the outset, when the prosecutor told the judge that the codefendants intended to plead guilty, while the defendant wished "to proceed with a jury-waived trial." The defendant did not participate in the guilty pleas, which occurred in his presence, or indicate a desire to change his plea of not guilty. During the proceeding, the judge frequently spoke to the defendant individually, while addressing the codefendants as a group, and the prosecution offered documentary evidence solely against the defendant, which the judge considered before rendering a verdict. Moreover, at no time did defense counsel "agree to the truth of any of the representations made by the prosecutor."[5] *Commonwealth* v. *Garcia*, 23 Mass. App. Ct. at 266. Rather, after the Commonwealth presented its case, counsel identified three defense witnesses and specifically outlined the details of their testimony, which contradicted the Commonwealth's evidence. Contrast *Commonwealth* v. *Feaster*, 25 Mass. App. Ct. 909 (1987) (defendant stipulated to incriminating testimony and offered no defense). Moreover, unlike the facts in *Commonwealth* v. *Lewis*, 399 Mass. 761 (1987), the primary case on which the defendant relies, the defendant never "acknowledged the overwhelming evidence of guilt against him while protesting his innocence," or indicated that he simply wanted "to dispose of the case." *Id.* at 762, 763. Finally, there was no "smell of plea bargain . . . in the atmosphere of the proceeding" at issue here, despite the Commonwealth's recommendation that two outstanding indictments be placed on file. *Commonwealth* v. *Babcock*, 25 Mass. App. Ct. at 689-690. The judge permitted defense counsel as well as the prosecutor to

---

[5]Taken in context, the defendant's stipulation to the contents of Exhibit 1 must be understood as an acknowledgement of the authenticity of the documents, rather than as a stipulation to the truth of the assertions therein.

speak on the issue of sentencing. Defense counsel recommended a five to ten year sentence at the Massachusetts Correctional Institution at Walpole, and the Commonwealth asked for seven to ten years; the judge imposed a sentence of six to ten years.

Nor are we persuaded by the defendant's argument that a few isolated references in the record to the evidence that would be offered "if the case were to go to trial," support his claim that the proceeding was not a trial at all. We think the remarks were likely intended to distinguish the proceeding from a traditional trial including live testimony, rather than to characterize it as anything other than a jury-waived trial. In these circumstances, we conclude that the procedure was indeed a jury-waived trial. Nevertheless, we wish to reiterate our view, previously expressed in *Commonwealth* v. *Babcock* more than three years after the trial in this case, that the "procedure employed by the judge . . . invites appeals of the most hairsplitting sort," and should, therefore, be avoided. 25 Mass. App. Ct. at 691.

*Order allowing defendant's mo-
tion for new trial reversed.*