USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

 United States Court of Appeals
 For the First Circuit
 ____________________

No. 97-2303

 UNITED STATES,

 Appellee,

 v.

 LEON ABRAMS,
 A/K/A LEON L. ABRAM, A/K/A ANTHONY HALL,

 Defendant, Appellant.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]

 ____________________

 Before

 Torruella, Chief Judge,

Wellford, Senior Circuit Judge,

 and Lynch, Circuit Judge. 

 _____________________

 Tracy A. Miner, by appointment of the Court, Michael F.
Connolly, John F. Sylvia, Andrew Nathanson and Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo, P.C. on brief, for appellant.
 Donald K. Stern, United States Attorney, and Ben T. Clements,
Assistant United States Attorney, on brief, for appellee.

 ____________________
 August 3, 1998
 
 ___________________ Per Curiam. Following a jury trial, Leon Abrams was
convicted of possessing with intent to distribute cocaine base in
violation of 21 U.S.C. 841(a)(1), and of being a felon in
possession of a firearm in violation of 18 U.S.C. 922(g). At the
time of his conviction, Abrams qualified as a career offender under
U.S.S.G. 4B1.1. However, Abrams sought and obtained continuances
prior to his sentencing in order to collaterally attack his prior
state court convictions. Eventually a Massachusetts trial court
vacated Abrams' 1984 manslaughter conviction on grounds unrelated
to guilt. As a result of that decision, Abrams no longer qualified
as a career offender under 4B1.1 during his sentencing.
 Despite the fact that Abrams' underlying manslaughter
conviction had been vacated, the district court departed upwards in
sentencing him, from 78 to 204 months, pursuant to a U.S.S.G
 4A1.3 and 5K2.0 criminal history departure. The district court
concluded that Abrams' criminal history category and sentencing
guideline range did not adequately reflect his status as a de factocareer offender. On appeal, Abrams argues that this departure was
unwarranted because the court lacked "reliable information" that
Abrams committed the 1984 manslaughter.
 However, after Abrams filed his brief in this court, the
Massachusetts Appeals Court reversed the trial court's vacation of
his 1984 manslaughter conviction, and reinstated the conviction. 
See Commonwealth v. Abrams, 692 N.E.2d 532 (Mass. App. Ct. 1998). 
That decision has not been appealed. Thus, there is now a valid
and final conviction for every crime on which the district court
based its upward departure.
 If Abrams were re-sentenced in this case, it would be
under U.S.S.G. 4B1.1., because the brief window of time during
which he did not technically qualify as a career criminal is now
closed. The district court would be required to sentence Abrams to
at least 210 months, six more than his current sentence. Thus,
Abrams' appeal has been effectively mooted by the reinstatement of
his 1984 manslaughter conviction. In any event, Abrams' argument
that the district court lacked "reliable information" that Abrams
committed the 1984 manslaughter is rejected upon our taking
judicial notice of the intervening Commonwealth v. Abrams, 692
N.E.2d 532 (Mass. App. Ct. 1998). Abrams' sentence is therefore
affirmed.