Robert ARDOLINO, Petitioner,
Appellant,

v.

Jeffrey MERRILL, Superintendent,
Maine State Prison Respondent,
Appellee.

No. 02–2055.

United States Court of Appeals,
First Circuit.

July 8, 2003.

Robert Rosenthal, with whom Peter L. Murray, was on brief, for appellant.

William R. Stokes, Deputy Attorney General, with whom G. Steven Rowe, Attorney General, Charles K. Leadbetter, Assistant Attorney General, State Solicitor and Donald W. Macomber, Assistant Attorney General, were on brief, for appellee.

Before LYNCH, Circuit Judge, STAHL, Senior Circuit Judge, and HOWARD, Circuit Judge.

PER CURIAM.

Robert Ardolino appeals from the district court's judgment accepting Magistrate Judge Cohen's recommendation that his petition for a writ of habeas corpus be denied. But in doing so, Ardolino has made no effort to identify error in the magistrate judge's cogent and comprehensive analysis, which is set forth in a published opinion. *See* 223 F.Supp.2d 215 (D.Me.2002). Indeed, Ardolino's appellate brief is nothing more than a slightly modified rehash of his 28 U.S.C. § 2254 petition. The availability of *de novo* appellate review of a district court's legal conclusions, *see Almanzar v. Maloney*, 281 F.3d 300, 303 (1st Cir.), *cert. denied,* 537 U.S. 817, 123 S.Ct. 86, 154 L.Ed.2d 22 (2002), should not be taken as an invitation to ignore the substance of the court's reasoning.

In any event, we have reviewed this matter with care and are of the opinion that magistrate judge's thoughtful analysis sufficiently and correctly explains why Ardolino's ineffective assistance of counsel arguments lack merit. We find especially convincing the magistrate judge's well articulated conclusions that (1) abundant record evidence (independent of the audio tape) that Ardolino did not testify truthfully about how Matthew ended up on the couch with pillow and blanket renders any error counsel might have committed with respect to that tape non-prejudicial under *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); (2) trial counsel acted within the *Strickland* parameters in declining to seek on novel legal grounds to prevent the adolescent Daniel from providing in-court testimony about people that he knew well and events that he had observed first-hand, *cf. United States v. Maguire,* 918 F.2d 254, 263–65 (1st Cir.1990) (emphasizing that, even where a criminal defendant has been identified in an impermissibly suggestive photo spread, taking the reliability assessment from the jury is an extraordinary remedy); and (3) trial counsel also acted within the *Strickland* parameters in declining to introduce expert testimony regarding the suggestibility of adolescents like Daniel because the prosecution might well have effectively turned such testimony to its advantage by using it to explain why Daniel lied to protect his father for nearly a year after the crime.

Because we have nothing to add to the district court's cogent analysis, we affirm on the basis of its opinion. *See, e.g., Corrada Betances v. Sea–Land Serv., Inc.,* 248 F.3d 40, 42 (1st Cir.2002).

***Affirmed.***