COMMONWEALTH *vs.* NELSON R. CORREA.

No. 96-P-1173.

Essex. April 7, 1997. - October 22, 1997.

Present. DREBEN, KAPLAN, & LENK, JJ.

*Practice, Criminal,* Plea, Postconviction relief, New trial, Judicial discretion.
*Constitutional Law,* Plea. *Due Process of Law,* Plea.

Where the record of a plea colloquy in the District Court demonstrated that
the judge failed to ascertain whether the defendant had knowledge of the
elements of the charges to which he was pleading guilty and that the
defendant did not admit or acknowledge any of the facts underlying the
charges, the defendant's motion to withdraw his guilty pleas on the ground
that his pleas were not intelligently offered should have been allowed.
[715-721]

COMPLAINTS received and sworn to in the Salem Division of
the District Court Department, one on March 13, 1991, one on
May 13, 1991, one on June 6, 1991, and two on July 16, 1991,
respectively.

On transfer to the jury session of the Peabody Division, guilty
pleas on each of the complaints were accepted by *Domenic J.F.
Russo,* J.; a motion to withdraw the guilty pleas, filed on June
4, 1996, was heard by him.

*Elizabeth A. Lunt* for the defendant.

*Elin H. Graydon,* Assistant District Attorney, for the Com-
monwealth.

LENK, J. On October 28, 1992, the defendant pleaded guilty in
the District Court to eleven charges contained in five complaints
issued against him.[1] After he was indicted in January, 1996, in
the United States District Court for the crime of reentry after

---

[1] Two complaints each charged the defendant with contributing to the
delinquency of a child, G. L. c. 119, § 63, and falsifying age to purchase
alcoholic beverages, G. L. c. 138, § 34A; one complaint charged the defendant
with operating a motor vehicle after license or right to operate has been
suspended, G. L. c. 90, § 23; one complaint charged the defendant with

deportation in violation of 8 U.S.C. § 1326 (1994), the defendant, on June 4, 1996, moved to withdraw his 1992 State court guilty pleas, claiming that the plea colloquy had been inadequate. The defendant appeals from the denial of his motion.

The transcript of the plea colloquy at issue reveals the following.[2] The judge asked the defendant if he understood that he was waiving his right to a jury trial and his right to cross-examine the Commonwealth's witnesses. He asked whether the defendant understood that conviction of the offenses could result in deportation to his country of origin, withholding of citizenship were he to apply for it, or the refusal to readmit him to this country should he leave it. Receiving affirmative replies to the foregoing, the judge inquired of the defendant whether he had discussed the plea and its consequences with counsel, was satisfied with the advice given him, and believed that his attorney had acted in his best interests. The defendant again responded in the affirmative. Based on this information, the judge determined the defendant's plea to be voluntary and intelligent. The judge then asked counsel if they would waive the reading of the facts into the record, to which they assented, agreeing to "plead to the faces of the complaints as they exist and appear before the court." The judge thereupon accepted the defendant's plea, found him guilty of the criminal offenses charged, and imposed sentence.[3]

The defendant now complains that his pleas were constitutionally invalid insofar as he did not admit or acknowledge the factual bases of the charges, was not informed by the judge of the nature, elements, or penal consequences of the charges, was

operating a motor vehicle after license suspension, G. L. c. 90, § 23, and operating an uninsured motor vehicle, G. L. c. 90, § 34J; and one complaint charged the defendant with three counts of breaking and entering a motor vehicle, G. L. c. 266, § 16A, and one count of larceny of property over $250, G. L. c. 266, § 30.

[2]The record on appeal contains what appears to be an unofficial and incomplete transcript of the October 28, 1992, hearing.

[3]The defendant was sentenced on the complaint charging breaking and entering and larceny to nine months in the house of correction to be served concurrently with a sentence he was then serving on unrelated convictions. The remaining convictions were placed on file. Because the record does not indicate that the defendant consented to the filing of the convictions, we shall consider them. See *Commonwealth* v. *Paniaqua,* 413 Mass. 796, 797 n.1 (1992).

not advised of his right to a nonjury trial or his privilege against self incrimination, and was not inquired of as to the voluntariness of his plea.

A postconviction motion to withdraw a plea is treated as a motion for a new trial. *Commonwealth* v. *Huot*, 380 Mass. 403, 406 (1980). Accordingly, a judge may grant a defendant's motion to withdraw a guilty plea if it appears that justice may not have been done. Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979). *Commonwealth* v. *DeMarco*, 387 Mass. 481, 482-486 (1982). The motion is addressed to the sound discretion of the judge, *Commonwealth* v. *Smith*, 381 Mass. 141, 142 (1980), and the judge's disposition of the motion will not be reversed for abuse of discretion unless it is manifestly unjust, *Commonwealth* v. *Little*, 384 Mass. 262, 269 (1981), or unless the plea colloquy was infected with prejudicial constitutional error. *Commonwealth* v. *Stewart*, 383 Mass. 253, 257 (1981).

Where a defendant wishing to withdraw a guilty plea challenges the voluntary or intelligent nature of his plea, it is ordinarily the Commonwealth's burden to show by means of a contemporaneous or reconstructed record of the plea that it was entered understandingly and voluntarily.[4] *Commonwealth* v. *Quinones*, 414 Mass. 423, 431-432 (1993); *Commonwealth* v. *Duest*, 30 Mass. App. Ct. 623, 625 (1991). See Mass.R.Crim.P.

---

[4]The defendant did not complain about his plea colloquy or seek to withdraw his pleas until the collateral consequences of his guilty pleas became evident following his indictment in the United States District Court for the crime of reentry after deportation, 8 U.S.C. § 1326 (1994). Under this statute and the Federal sentencing guidelines, the defendant's Federal sentence may be enhanced by his State convictions. In *Commonwealth* v. *Quinones*, 414 Mass. 423, 432-433 n.7 (1993), the Supreme Judicial Court noted that, in collateral attacks on pleas, at least where there is no record of the plea colloquy, "[i]t is clear now that the burden is on the defendant, in the sentencing enhancement context, to rebut the presumption that prior convictions are valid." In so noting, the court cited to *Parke* v. *Raley*, 506 U.S. 20 (1992), where, in a separate proceeding brought under a State sentencing enhancement statute, a defendant challenged prior State guilty pleas entered years before and as to which no record of the proceedings existed. The United States Supreme Court found no violation of the Federal due process clause in the "presumption of regularity" which the State accorded prior convictions absent colloquy records evidencing the contrary. *Id.* at 30. While the present case is one that might be characterized as arising in a "sentencing enhancement context," the contemporaneous plea colloquy record establishes the colloquy's deficiencies, and it is without consequence here whether the burden is upon the Commonwealth to prove the validity of the pleas or upon the defendant to rebut the presumption of their validity.

12, 378 Mass. 866 (1979). The contemporaneous record of the defendant's plea colloquy here establishes that the colloquy was fatally deficient.

The judge must determine by means of an adequate colloquy that the plea tendered is both intelligently and voluntarily made. *Commonwealth* v. *Duest*, 30 Mass. App. Ct. at 631. A plea is intelligently made when the defendant has knowledge of the elements of the charges against him. See Mass.R.Crim.P. 12(c)(5)(A), 378 Mass. 869 (1979); *Commonwealth* v. *Fernandes*, 390 Mass. 714, 719 (1984). Otherwise put, the defendant must receive real notice of the true nature of the charge to which he pleads guilty. *Commonwealth* v. *Sullivan*, 385 Mass. 497, 509 (1982). There must be an explanation by the judge or defense counsel of the elements of the crimes charged or an admission by the defendant to the facts constituting those crimes. See *Henderson* v. *Morgan*, 426 U.S. 637 (1976); *Commonwealth* v. *Huot*, 380 Mass. at 406-410. This requirement can be satisfied in one of several ways: (1) by the judge explaining to the defendant the elements of the crime; (2) by counsel's representation that she has explained to the defendant the elements he admits by his plea; or, (3) by the defendant's stated admission to facts recited during the colloquy which constitute the unexplained elements. *Commonwealth* v. *Colantoni*, 396 Mass. 672, 678-679 (1986).[5] Furthermore, an intelligent plea requires that the defendant have knowledge of the procedural protections that he would forego by pleading guilty. See *Commonwealth* v. *Duquette*, 386 Mass. 834, 841 (1982). The judge must ensure that the defendant is informed, on the record and in open court, of the three constitutional rights which are waived by a plea of guilty: "the right to trial, the right to confront one's accusers, and the privilege against self-incrimination." *Ibid.*

The concept of voluntariness, in turn, requires that the defendant tender the plea free "from coercion, duress, or improper inducements." *Commonwealth* v. *Duest*, 30 Mass. App. Ct. at 631. To determine the voluntariness of the

---

[5]In addition, defense counsel cannot waive the defendant's rights on his behalf. The purpose of the colloquy here, as in the case of a colloquy concerning the waiver of a jury trial, is to ensure that defense counsel has done his duty in discussing the plea choice with the defendant and that the defendant has participated in and comprehends the decision. "If the actions of defense counsel were to be relied on to protect the defendant there would be no need for a colloquy at all." *Commonwealth* v. *Pavao*, 423 Mass. 798, 804 (1996).

defendant's plea, the judge should conduct a real probe of the defendant's mind. *Commonwealth* v. *Fernandes*, 390 Mass. at 719. The judge should determine whether the plea was "being extracted from the defendant under undue pressure," *ibid*, quoting from *Commonwealth* v. *Foster*, 368 Mass. 100, 107 (1975), whether the defendant was being treated for or was aware of any mental illness from which he may be suffering, *Commonwealth* v. *Blackstone*, 19 Mass. App. Ct. 209, 211-212 (1985), and whether the defendant was under the influence of alcohol or drugs.

Although in order to accept a defendant's guilty plea the judge must determine that the plea has been tendered both intelligently and voluntarily, certain omissions from the colloquy requirements have nonetheless been tolerated when a defendant collaterally attacks his plea. See *Commonwealth* v. *Dozier*, 24 Mass. App. Ct. 961 (1987) (although colloquy omits a warning that by offering pleas of guilty a defendant waives his privilege against self-incrimination, that omission is not necessarily fatal to an intelligent plea). In Federal court, a defendant seeking to set aside a guilty plea in a collateral attack must at the very least show that a proper colloquy would have made a difference in his decision to plead guilty. *Cepulonis* v. *Ponte*, 699 F.2d 573, 577-578 (1st Cir. 1983). Our appellate decisions, however, have to date adopted this materiality requirement only where the defendant's collateral attack is based upon omissions in the colloquy relating to the defendant's waiver of his intra-trial rights, e.g., privilege against self-incrimination, right to confront witnesses. See *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. 491, 500 (1985) (where the deficiencies in the colloquy relate to the defendant's waiver of his intra-trial rights, the defendant is required to show with some plausibility that it would have made a difference to him in deciding about a plea if he had been told about these rights). Thus, even in a situation where the record of the plea colloquy shows that the trial judge, contrary to Mass.R.Crim.P. 12(c)(3)(A), 378 Mass. 868 (1979),[6] failed to inform the defendant that by his pleas he was waiving his right to confront witnesses and his privilege against self-incrimination, the motion judge may conclude that the pleas were nonetheless voluntary and intelligent. *Commonwealth* v. *Nolan*, 16 Mass. App. Ct. 994, 995 (1983).

---

[6]Rule 12(c)(3) requires a judge to inform the defendant, or to permit defense counsel under the direction of the judge, to inform the defendant. on the record and in open court, of the consequences of his plea.

Where the deficiencies in the plea colloquy arise from a failure to inquire into the voluntariness of the plea or the failure to ascertain that the defendant has knowledge of the elements of the charges against him, however, we have not required a showing of materiality. The defendant does not allege that his plea was involuntary or that he was incapacitated or coerced in any way. In the absence of any allegation that the defendant's plea was the product of coercion or threats, the judge may infer voluntariness from the defendant's awareness of the favorable consequences of his plea.[7] *Commonwealth* v. *Russell*, 37 Mass. App. Ct. 152, 157 (1994). Having received a most favorable sentence — nine months to be served concurrently with a sentence he was then serving — the record supports a conclusion that the defendant was aware of the penal consequences of his plea and that the voluntariness of the plea may thereby be inferred.

The defendant does allege, however, that the judge failed to ascertain that he had knowledge of the elements of the charges against him; the record bears this out. Nothing more need be shown to establish the inadequacy of the colloquy for constitutional purposes. *Henderson* v. *Morgan*, 426 U.S. at 645-646. Cf. *Commonwealth* v. *McGuirk*, 376 Mass. 338, 344 (1978), cert. denied, 439 U.S. 1120 (1979) (if defendant was not informed that malice aforethought is an element of murder in the second degree, it would have been error to accept his guilty plea and to deny his motion for new trial); *Commonwealth* v. *Begin*, 394 Mass. 192, 196-197 (1985) (defendant's plea is not valid if he does not receive real notice of the true nature of the charge to which he pleaded guilty).

We conclude that the plea colloquy at issue was fatally deficient.[8] The defendant did not explicitly admit to or acknowledge any of the facts underlying the charges, and the

---

[7]However, where involuntariness is alleged and it is shown that the judge did not inquire specifically as to whether threats were made or inducements offered that might have rendered involuntary the defendant's decision to plead guilty, the plea colloquy will not satisfy constitutional requirements even though the defendant expressly waives his intra-trial rights and the judge adequately inquires about the factual basis of the charge. *Commonwealth* v. *Fernandes*, 390 Mass. at 718-719.

[8]We note that carefully drafted and fully inclusive model questionnaires have long been available to assist a judge in properly conducting a plea colloquy. See Smith, Criminal Practice and Procedure § 1238 (2d ed. 1983). See also 3 ABA Standards for Criminal Justice § 14, at 92-94 (2d ed. 1986). "When a careful inquiry is not made before acceptance of the plea, a defendant

judge did not advise the defendant of the nature of the charges, their elements, or the penalties involved. Nor was there any representation that the defendant's attorney had explained to him the elements he admitted by his plea. The record does not demonstrate that the defendant knew the exact nature of the charges to which he was pleading guilty. See *Commonwealth* v. *Feaster*, 25 Mass. App. Ct. 909, 910 (1987) (where colloquy wholly omitted questioning which would have put on the record the defendant's knowledge of the elements of the crimes charged or an admission to facts which constitute those crimes, the defendant must be accorded an opportunity for a new trial). The transcript of the plea colloquy does not support a finding that the defendant's plea was intelligently tendered.[9]

"[A]s a matter of constitutional due process, a guilty plea should not be accepted, and if accepted must be later set aside, unless the record shows affirmatively that the defendant entered the plea freely and understandingly." *Commonwealth* v. *Fernandes*, 390 Mass. at 716, quoting from *Commonwealth* v. *Foster*, 368 Mass. at 102. Where, as here, the defendant lacks real notice of the true nature of the charge against him, the plea colloquy is infected with prejudicial constitutional error. See *Mack* v. *United States*, 635 F.2d 20, 24-26 (1st Cir. 1980) (prejudice inhered in the violation of Fed.R.Crim.P. 11 itself where violation was a failure to determine that the defendant understood the nature of the charges). Consequently, we conclude that it was an abuse of discretion for the motion judge

with a legitimate reason to challenge the . . . plea is left to make his attack in postconviction proceedings, perhaps many months or years after the plea was tendered, when his motives may be highly suspect, and the credibility of his evidence, even if available, is likely to be seriously questioned." *Commonwealth* v. *Fernandes*, 390 Mass. at 721. See *Commonwealth* v. *Quinones*, 414 Mass. at 435 (where defendant did nothing to pursue his appellate rights for five years, judge was fully warranted in concluding that the defendant's claim was disingenuous at best). By referring to pattern questionnaires rather than risking omissions or other defects through improvisations, justice is more likely to be done. See *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. at 502.

[9]In addition, the judge failed to determine that the defendant understood that he was waiving his right not only to a trial by jury but also to a non-jury trial and failed to determine that the defendant understood that he was waiving his privilege not to incriminate himself. As noted earlier, these deficiencies do not necessarily require a finding that the plea was not voluntary or intelligent. See *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. at 500; *Commonwealth* v. *Dozier*, 24 Mass. App. Ct. at 961. They may, however, be considered with the other deficiencies in reaching the determination that the plea was not intelligently made.

to deny the defendant's motion to withdraw his guilty pleas. We reverse the judgments, vacate the defendant's convictions, and remand this matter for further proceedings not inconsistent herewith.

*So ordered.*