COMMONWEALTH *vs.* BRIAN K. BAKER. No. 97-P-1638. February 22, 1999. *Practice, Criminal,* Plea. *Constitutional Law,* Plea.

Before a judge of the District Court, the defendant, Baker, entered a plea of guilty to a charge of malicious damage to a motor vehicle (G. L. c. 266, § 28). Six months after he was adjudged guilty, was fined $100, and suffered suspension of his driver's license, the defendant moved through counsel to withdraw his plea of guilty. That motion was denied, and it is from that order that the defendant appeals.

The defendant acted without the assistance of counsel at the arraignment at which he made his guilty plea. The judge engaged the defendant in a colloquy designed to inform him about the trial by jury to which he was entitled, about the government's burden of proof, and about the possible consequences of a judgment of guilty (e.g., deportation). The defendant was also offered the help of an appointed counsel. Although the judge did not set forth the elements of the crime, the defendant admitted to the facts constituting the offense that the prosecutor recited. There is no suggestion in the defendant's appeal that he was inadequately informed by the judge about his rights or about the consequences of a guilty plea. It was the defendant's contention when he moved to withdraw his plea that, lacking counsel, he had not realized he had a good defense.

Slashing two tires on his former woman friend's car was the crime to which the defendant admitted. On further thought, the defendant concluded, it was a pal who did the tire slashing and he, the defendant, was an astonished and innocent witness. In an affidavit furnished in support of his motion to withdraw his guilty plea, the defendant related that, on October 26, 1996, while driving his car in the neighborhood of his former woman friend's house (at his arraignment, the defendant had admitted driving to her driveway), a friend riding in the passenger seat leapt from the car and slashed tires on the woman's car. "Although I was in the automobile, I was not aware that the person in my passenger seat was going to slash the tires on Nadine's vehicle," the defendant stated in his affidavit. The defendant went on to say it was his intention to withdraw his guilty plea in February, 1997. As to why the motion to so do was only filed on July 31, 1997, the defendant's lawyer explained in an affidavit that there had been "certain problems arising in the effort to get a copy of the tape from [d]efendant's guilty plea." The judge was not bound to credit the affidavits and, indeed, could be forgiven for regarding them skeptically. That the defendant's friend should choose, independently and spontaneously, of all the tires in the world, to slash those of his chum's woman friend is a story that required a fairly high order of willing suspension of disbelief. Unlike the circumstances in *Commonwealth* v. *Correa,* 43 Mass. App. Ct. 714, 717 (1997), here the prosecutor recited the facts that incorporated the necessary elements of the crime. (The requirement of an intelligent plea was thus met by the third method outlined in *Correa.*) The defendant protested in his motion to withdraw his guilty plea that he mistakenly understood that mere

presence in his car was enough to prove his guilt of malicious destruction of his former woman friend's vehicle. The judge at the plea was not bound to counter the defendant's unspoken misconceptions, and the judge on the motion to withdraw the plea was not bound to credit the defendant's statement, as it did not square with what he had earlier admitted to.

In the absence of prejudicial constitutional error, the criterion by which the motion judge was to guide himself was whether it appeared that justice may not have been done when the defendant pleaded guilty. See *Commonwealth* v. *Correa, id.* at 716. "The motion is addressed to the sound discretion of the judge, [citation omitted], and the judge's disposition of the motion will not be reversed for abuse of discretion unless it is manifestly unjust. . . ." *Ibid.* There was scant possibility that an injustice occurred in this case, and the motion judge did not abuse his discretion.

*Order denying motion to withdraw guilty plea affirmed.*

*Michael A. Bergeron* for the defendant.

*Kelly-Anne DeFao,* Assistant District Attorney, for the Commonwealth.