## COMMONWEALTH *vs.* MICHAEL BOWLER.

No. 02-P-1404.

Middlesex. October 2, 2003. - December 23, 2003.

Present: RAPOZA, GRASSO, & KANTROWITZ, JJ.

*Homicide. Practice, Criminal,* Plea.

There was no merit to a criminal defendant's claim that, at his plea colloquy, he did not receive an explanation of the elements of murder in the second degree, where the defendant admitted to the charge after the prosecutor gave a detailed account of the homicide, which included evidence of the elements of murder in the second degree [210-212]; moreover, the judge's failure to inform the defendant that he was giving up his right against self-incrimination, in what was otherwise a thorough colloquy, did not compel a conclusion that the plea was infirm, where a review of the colloquy revealed that the defendant, who was represented by and had the advice of counsel, made the plea freely, voluntarily, and intelligently [212-214].

INDICTMENT found and returned in the Superior Court Department on September 9, 1993.

A plea of guilty was accepted by *Robert H. Bohn, Jr.,* J., and a motion to withdraw that guilty plea and for a new trial, filed on May 20, 1999, was heard by him.

*Chauncey B. Wood* for the defendant.

*Kevin J. Curtin,* Assistant District Attorney, for the Commonwealth.

KANTROWITZ, J. The defendant was charged with murder in the first degree and with violating a G. L. c. 209A restraining order. On April 10, 1995, he pleaded guilty to murder in the second degree and the c. 209A violation. Approximately four years later, he moved to withdraw his guilty pleas, was unsuccessful, and now appeals.[1] He alleges that his plea on the murder indict-

---

[1] Although the defendant's motion to withdraw his guilty pleas covered both convictions, his conviction on the indictment charging violation of G. L.

ment was invalid in that (1) the elements of murder were not explained to him, and (2) the judge did not inform him that he was waiving his right against self-incrimination, in contravention of Mass.R.Crim.P. 12(c)(3)(A), 378 Mass. 868 (1979).

"A postconviction motion to withdraw a plea is treated as a motion for a new trial. Accordingly, a judge may grant a defendant's motion to withdraw a guilty plea if it appears that justice may not have been done. Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979)." *Commonwealth* v. *Correa*, 43 Mass. App. Ct. 714, 716 (1997) (citation omitted). See *Commonwealth* v. *Desrosier*, 56 Mass. App. Ct. 348, 353-354 (2002). "A guilty plea is valid only if it is made voluntarily, knowingly, and intelligently. A plea is intelligently made when the defendant has knowledge of the elements of the charges against him." *Commonwealth* v. *Andrews*, 49 Mass. App. Ct. 201, 203 (2000) (citations omitted). See *Boykin* v. *Alabama*, 395 U.S. 238 (1969).

*Elements.* The defendant alleges that the elements of murder in the second degree were not explained to him.[2] "There must be an explanation by the judge or defense counsel of the elements of the crimes charged or an admission by the defendant to the facts constituting those crimes. This requirement can be satisfied in one of several ways: (1) by the judge explaining to the defendant the elements of the crime; (2) by counsel's representation that [he] has explained to the defendant the elements he admits by his plea; or, (3) by the defendant's stated admission to facts recited during the colloquy which constitute

c. 209A was placed on file with his consent and therefore is not before us on appeal. See *Commonwealth* v. *Santos*, 440 Mass. 281, 282 n.2 (2003). Even if we were to consider that conviction, see *Commonwealth* v. *O'Brien*, 30 Mass. App. Ct. 807, 807 n.1 (1991), the defendant would not prevail for the reasons set forth in this opinion.

[2] The defendant also faults the judge for not providing him with the elements of murder in the first degree. As the defendant was pleading to murder in the second degree, there was no reason for the judge, in these circumstances, to provide the defendant with the elements of a crime with which he was no longer charged and to which he was not offering a plea. Cf. *Commonwealth* v. *Nikas*, 431 Mass. 453, 457 (2000).

the unexplained elements."[3] *Commonwealth* v. *Correa*, 43 Mass. App. Ct. at 717 (citations omitted).

In the case at bar, the prosecutor gave a detailed account of the homicide, comprising seven pages of the transcript. In part, she stated that the cause of death was suffocation, first by hand and then by a sofa cushion, which when recovered had "various bloodstains on it," and that "[a]s a result of the suffocation, and during the course of the assault, the victim suffered various blunt neck trauma at the hands of the defendant."

When asked by the judge whether he wished to add anything to the prosecutor's rendition, the defendant indicated an insignificant and minor variance — "[t]here was no screaming; she was yelling at me." He further indicated that there was nothing else that he wished to add.

It cannot be gainsaid that the defendant admitted to the charge.[4] The facts to which he admitted included evidence of the elements of murder in the second degree — an unlawful killing with "an intent to cause death," or an intent to cause grievous bodily injury, or "an intent to do an act, which, in the circumstances known to the defendant, a reasonable person would have known would create a plain and strong likelihood that death [would] result." *Commonwealth* v. *Nikas*, 431 Mass. 453, 457 n.6 (2000), quoting from Model Jury Instructions on Homicide (1999). This was sufficient. See *Commonwealth* v. *Desrosier*, 56 Mass. App. Ct. at 357.

In some cases, greater detail to the recitation of the elements of the offense is mandated, e.g., where a defendant did not acknowledge the facts underlying the charges, *Commonwealth* v. *Correa*, 43 Mass. App. Ct. at 717, 719; or where other aspects of the colloquy were faulty, *Commonwealth* v. *Colon*, 439 Mass. 519, 524-530 (2003), and *Commonwealth* v. *Dummer*, 47 Mass.

---

[3]To help avoid this issue in the future, judges are well advised to ask defense counsel routinely, during the colloquy, among other things, "Did you review the facts and law, including explaining the elements of the crime(s), with your client?"

[4]The defendant would have us believe that he offered an *Alford* plea. *North Carolina* v. *Alford*, 400 U.S. 25 (1970). The assertion is without foundation. Although case law, see *Commonwealth* v. *Nikas*, 431 Mass. at 457, might favor the defendant if the plea were an *Alford* one, the record contains not a scintilla of support for the defendant's claim.

App. Ct. 926, 928 (1999); or where the defendant was tendering an *Alford* plea, *Commonwealth* v. *Nikas, supra*; or where the facts as recited were ambiguous, *Commonwealth* v. *Andrews*, 49 Mass. App. Ct. at 204. Such was not the case here.

*Rule 12(c)(3)(A).* Rule 12 of the Massachusetts Rules of Criminal Procedure governs pleas. Of significance here is rule 12(c)(3)(A) which reads: "The judge shall inform the defendant, . . . on the record, in open court: (A) that by his plea of guilty . . . he waives his right to trial with or without a jury, his right to confrontation of witnesses, and his privilege against self-incrimination."

In what was otherwise a thorough colloquy, the judge failed to inform the defendant that he was giving up his right against self-incrimination. Neither the prosecutor nor defense counsel drew the judge's attention to this oversight. See *Commonwealth* v. *Lamrini*, 27 Mass. App. Ct. 662, 666 n.2 (1989). Standing alone, this failure does not compel a conclusion that the plea was infirm. Rather, we must, once again, examine the plea to ascertain whether it was freely, voluntarily,[5] and intelligently made. It was.[6]

---

[5]"The concept of voluntariness, in turn, requires that the defendant tender the plea free 'from coercion, duress, or improper inducements.' To determine the voluntariness of the defendant's plea, the judge should conduct a real probe of the defendant's mind. The judge should determine whether the plea was 'being extracted from the defendant under undue pressure,' whether the defendant was being treated for or was aware of any mental illness from which he may be suffering, and whether the defendant was under the influence of alcohol or drugs." *Commonwealth* v. *Correa*, 43 Mass. App. Ct. at 717-718 (citations omitted).

[6]An examination of the colloquy reveals that the defendant withdrew his plea of not guilty and pleaded guilty, and that he understood that: he did not have to plead guilty if he did not want to and that he could have a trial; the trial would be before a jury if he so chose; he would help select the jury, which would have to return a unanimous verdict; the prosecutor was obligated to prove all of the elements of the offense beyond a reasonable doubt; the Commonwealth would call witnesses, who would then be cross-examined by defense counsel; the defendant could testify and call witnesses; defense counsel could argue that he was not guilty of the offense or of any lesser included offense; and he was waiving the protections of examination, cross-examination, and argument. The judge ascertained that the defendant was forty-one, went as far as the twelfth grade, was a truck driver for twelve years and worked construction, and had no alcoholic beverages or addictive drugs within the previous twenty-four hours; the use of an antidepressant did not

"That the defendant was represented by and had the advice of counsel throughout the plea and sentencing process is a specially weighty factor casting doubt on the veracity of his version of [the] events . . . ." *Commonwealth* v. *Thurston*, 53 Mass. App. Ct. 548, 553 (2002). It is clear that highly experienced counsel discussed the matter fully with his client.[7] See *Commonwealth* v. *Desrosier*, 56 Mass. App. Ct. at 355. Lastly, "as to the defendant's legal representation (which is not challenged as constitutionally ineffective in any respect), his motion is conspicuously marred by failing to include an affidavit from his original defense counsel or to explain the absence of such affidavit." *Commonwealth* v. *Thurston, supra* at 553-554.

While it surely would be preferable for the defendant to have been expressly informed that he was waiving his right against self-incrimination, *Commonwealth* v. *Lamrini*, 27 Mass. App. Ct. at 665-666; *Commonwealth* v. *Correa*, 43 Mass. App. Ct. at 718, we are satisfied that the plea in this case was nonetheless intelligently, freely, and voluntarily made. "The colloquy omit-[ted] a warning that by offering pleas of guilty a defendant waives his privilege against self-incrimination. That omission, however, is not necessarily fatal to an intelligent plea. We are satisfied that the colloquy provides 'basic assurances that the defendant, represented by counsel, with whom he has consulted, is free of coercion or the like, understands the nature of the crime[s] charged, knows the extent of his guilt, recognizes the basic penal consequences involved, and is aware that he can have a trial if he want one.' *Commonwealth* v. *Nolan*, 19 Mass.

interfere with his thinking process; there was nothing that would interfere with his ability to make his decision; he spoke with his attorney concerning the consequences of his plea; he had not been threatened in any way and no promises had been made to him other than parole eligibility after fifteen years; he understood everything the judge asked; and he was pleading guilty because he was guilty.

[7]The defense attorney indicated this to the judge: "It was very difficult to decide with my client to agree to a second degree. We felt that the best that he would have done with a jury was a manslaughter, but there was a significant risk of a first degree murder conviction, and that's why we came to this compromise. . . . [T]his man is extremely remorseful . . . . I do think he is in his right mind and rational. There has been a lot of letter writing and discussions with both myself and an associate, discussing this with him."

App. Ct. [491,] 498-499 [(1985)]." *Commonwealth* v. *Dozier,*
24 Mass. App. Ct. 961, 961 (1987) (citations omitted).[8]

> *Order denying motion to with-*
> *draw guilty plea and for new*
> *trial affirmed.*

---

[8]The defendant's reliance on *Commonwealth* v. *Lewis,* 399 Mass. 761
(1987), is misplaced. There the judge "said nothing about the waiver of his
privilege against self-incrimination. The court held that the omission was
fatal. However, the *Lewis* decision is expressly confined to its facts. Those
facts indicate the defendant, while offering to plead guilty, protested his in-
nocence on two occasions. Here, the defendant at no point during the change
of plea hearing asserted or even implied that [he] was not guilty. To the
contrary, the defendant unequivocally admitted to the facts stated by the
prosecutor and stated that [he] was pleading guilty solely because [he] was
guilty." *Commonwealth* v. *Lamrini,* 27 Mass. App. Ct. at 665 (citations
omitted).