The defendant appeals from an order of the Juvenile Court denying his motion for a new trial by which he sought to have his guilty pleas vacated. His principal claim is that deficiencies in the plea colloquy rendered his guilty pleas unknowing and involuntary. While we agree that the plea colloquy did not comply with Mass.R.Crim.P. 12(c), as appearing in 470 Mass. 1501 (2015), in the circumstances presented here, we discern no abuse of discretion in the denial of the motion for a new trial. Accordingly, we affirm.
Background. We summarize the relevant procedural history. On November 13, 2000, the defendant, then sixteen, pleaded guilty in the Juvenile Court to armed robbery and assault by means of a dangerous weapon. He was adjudicated a youthful offender, placed on probation until age twenty-one for the armed robbery, and committed to the Department of Youth Services for the same period for the assault.
On September 4, 2002, the defendant, then eighteen years old, was indicted for murder. On December 10, 2002, his probation on the Juvenile Court armed robbery was revoked, and he was sentenced to State prison for two years to two years and one day. For reasons that are not clear from the record, the Commonwealth filed a nolle prosequi on the murder indictment on June 12, 2006.
In 2008, the defendant was convicted of two Federal drug offenses. He was sentenced as a career offender to ninety-six months in prison followed by three years' supervised release. The youthful offender adjudication in 2000 served as a predicate offense for his career offender penalty enhancement.
On March 2, 2010, the defendant moved to withdraw his guilty pleas in the Juvenile Court. He claimed the judge failed to advise him of his right against self-incrimination during the guilty plea colloquy. The defendant requested additional time to review the colloquy transcript for additional claims of error, and the judge took no action.
In June, 2011, the defendant's Federal sentence was vacated after he successfully appealed the use of the youthful offender adjudication as a predicate offense for his career offender status.[2] See United States v. McGhee, 651 F.3d 153, 158-159 (1st Cir. 2011). He was resentenced to sixty months imprisonment followed by three years supervised release. To that point, the defendant had taken no additional steps to pursue his motion for a new trial in the Juvenile Court.
Over three years later, in December, 2014, the defendant was indicted in Superior Court on various crimes of violence and firearms offenses. Relying in part on the defendant's youthful offender adjudication, the Commonwealth sought armed career criminal (ACC) penalty enhancement pursuant to G. L. c. 269, § 10G. On March 24, 2017, the defendant was acquitted on these charges after a jury trial.
In December, 2015, the defendant filed an addendum to his five year old motion for a new trial. The addendum asserted that the defendant's guilty pleas in the Juvenile Court were invalid because (1) the defendant's father was not present at the plea hearing, (2) the judge did not sign the waiver of rights form, and (3) the defendant was not informed by the plea judge of the maximum penalty he faced for a violation of probation. These deficiencies, the defendant claimed, rendered his guilty pleas unknowing and involuntary, such that they were constitutionally infirm. After multiple hearings, the judge denied the motion in a comprehensive written decision.
Discussion. "A motion for a new trial pursuant to Mass. R. Crim. P. 30 (b) is the proper vehicle by which to seek to vacate a guilty plea." Commonwealth v. Scott, 467 Mass. 336, 344 (2014). Such a motion may be granted "if it appears that justice may not have been done." Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). "The motion is addressed to the sound discretion of the judge," whose disposition "will not be reversed for abuse of discretion unless it is manifestly unjust, or unless the plea colloquy was infected with prejudicial constitutional error." Commonwealth v. Correa, 43 Mass. App. Ct. 714, 716 (1997) (citations omitted).
The defendant claims that his pleas were not knowing and voluntary because the guilty plea colloquy was deficient. The Commonwealth conceded, and the motion judge found, that during the colloquy the defendant was not informed of the maximum penalty he faced or his right against self-incrimination as required by Mass.R.Crim.P. 12(c). " '[W]hile compliance with the procedures set out in rule 12(c) is mandatory, adherence to or departure from them is but one factor to be considered in resolving' whether a plea was knowingly and voluntarily made." Commonwealth v. Rodriguez, 52 Mass. App. Ct. 572, 580 (2001), quoting from Commonwealth v. Johnson, 11 Mass. App. Ct. 835, 841 (1981). "Each case must be analyzed individually to determine whether compliance with rule 12 would have made a difference in the decision of the defendant to plead guilty." Rodriguez, supra. Among the factors we consider are (1) whether the defendant was represented by counsel and had an opportunity to consult with counsel before his plea, (2) the defendant's familiarity with court proceedings, and (3) whether there was evidence of coercion or threats. Commonwealth v. Russell, 37 Mass. App. Ct. 152, 157 (1994).
Here, the defendant concedes that he was represented by competent counsel at the change of plea hearing. Counsel certified, and the defendant acknowledged on the waiver of rights form, that they had discussed the rights that the defendant was giving up, including the right against self-incrimination, and the range of possible sentences.[3] Second, the defendant was familiar with the change of plea process. He had participated in four prior guilty plea colloquies as a juvenile. Third, there was no evidence of coercion or threats. The defendant stated at the change of plea hearing that he was pleading guilty of his own free will after consultation with his attorney. He does not suggest otherwise in his affidavit supporting his motion for new trial.
Significantly, the defendant does not contend that, had the colloquy been complete, he would have elected to proceed to trial. The defendant has not claimed innocence, proffered defenses, or alluded to weaknesses in the Commonwealth's evidence. On this record, we cannot conclude that the defendant's guilty plea was not knowing and voluntary.[4]
The defendant also contends that his guilty pleas were not intelligently made because he was not informed of the elements of the offenses and did not admit to the factual basis for the pleas. We disagree. A plea is intelligently made when the defendant has knowledge of the elements of the charges against him. This requirement can be satisfied by the defendant's stated admission to facts recited during the colloquy which constitute the unexplained elements. Commonwealth v. Correa, 43 Mass. App. Ct. 714, 717 (1997). In this colloquy, the judge asked the Commonwealth to summarize the facts on the record. The prosecutor then described evidence that the defendant and another man had robbed the victim of cash and jewelry at gunpoint. Following that summary, the plea judge asked the defendant if he understood he was admitting to those offenses. Although the defendant's answer was unintelligible, the judge echoed for the record that the defendant was admitting to those offenses. The motion judge acted within his discretion when he concluded that "the [defendant's] admission to the facts was legally sufficient for the court to conclude that he understood the nature and elements of the crime charged."
Finally, we are not persuaded by the defendant's argument that a new trial should have been granted because his guilty plea proceeded without his father present. "When a juvenile is fourteen or older and waiving a constitutional right, he should have a consultation with the parent, interested adult or attorney (emphasis supplied)." Commonwealth v. Yardley Y., 464 Mass. 223, 229 (2013) (quotation omitted). In this case the defendant was given an opportunity to continue the hearing so that his father could be present. But the defendant, through counsel, elected to proceed. Because the defendant was represented by counsel throughout the change of plea proceeding, the judge did not abuse his discretion in denying the motion for a new trial on this basis.
Finally, although we affirm the denial of the motion for a new trial, we do not condone the abbreviated colloquy. Rule 12 is intended to ensure that guilty pleas are informed and voluntary, and that a judge creates a contemporaneous record of the questions and answers necessary for an analysis of those concepts. Unfortunately, that did not occur in this case. In particular, the plea judge's instruction to the defendant to "[j]ust say yes or no" during the colloquy was not conducive to fulfilling the purpose of the colloquy.[5]
Order denying motion for new trial affirmed.

The Federal appeal did not challenge the guilty plea colloquy.

We note that the waiver of rights form was not a substitute for the full colloquy that should have been given. However, the form is "relevant to whether [the defendant] had actual knowledge of the relevant information and whether he faces an injustice if he is not allowed to withdraw his plea." Rodriguez, supra at 583. The fact that the judge did not sign the form in the appropriate place was a harmless procedural error.

In evaluating the defendant's claim that his pleas were not knowing and voluntary, the judge may also have appropriately considered the fifteen-year delay between the guilty plea and the filing of the addendum to the new trial motion, and that the addendum was filed only after the adjudications as a youthful offender were alleged as a basis for penalty enhancement in later indictments. See Commonwealth v. Furr, 454 Mass. 101, 109 (2009).

Other issues that the defendant has raised, but which are not discussed, "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66,78 (1954).