NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1101

COMMONWEALTH

vs.

SHILO M. HEARN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In late 2018 and early 2019, the defendant, Shilo M. Hearn, was charged in the District Court for two separate incidents involving her live-in boyfriend. Specifically, on December 3, 2018, the defendant was charged with assault and battery on a family or household member and assault and battery by means of a dangerous weapon (the 2018 case). On January 7, 2019, the defendant was charged with assault and battery on a family or household member, assault and battery by means of a dangerous weapon, disturbing the peace, and disorderly conduct (the 2019 case). On February 12, 2019, the defendant pleaded guilty in the District Court on both cases.[1] In October 2020, the defendant filed a motion to withdraw her guilty plea. On

_____

[1] The disturbing the peace and disorderly conduct counts were dismissed at the Commonwealth's request at the plea hearing.

November 18, 2020, the motion judge, who also presided at the 2019 plea hearing, denied the motion without a hearing. This appeal ensued. We affirm.

Background. In brief, the 2018 case involved an argument between the defendant and her boyfriend wherein the defendant "picked up a kitchen knife and began swinging the knife at" her boyfriend. As a struggle ensued, the defendant grabbed her boyfriend by his tank top "and pulled, stretching it out. He was cut by the knife on the right side of his chest near his shoulder, as well as on the hand and he was grabbed by [the defendant]." As for the 2019 case, the defendant and her boyfriend were again involved in an argument during which the defendant "grabbed a wine bottle and struck [the boyfriend] in the head with it."[2]

Following the 2019 incident, a judge incarcerated the defendant for violating her pretrial conditions of release.[3] On February 12, 2019, the boyfriend did not appear for the scheduled trial. The judge issued a warrant for the boyfriend's arrest, but later recalled the warrant because local police

_____

[2] The defendant was charged with both assault and battery on a family or household member and assault and battery by means of a dangerous weapon for each incident. As the defendant acknowledges, these charges are not duplicative where each charge contains an element that the other does not. See Commonwealth v. Wolinski, 431 Mass. 228, 238-239 (2000).

[3] The judge who incarcerated the defendant for violating the terms of release was not the plea or motion judge.

2

officers could not locate or serve him because of bad weather conditions and other pressing matters. That same day, the parties filed an unagreed upon plea recommendation to jointly resolve the 2018 and 2019 cases. The defendant requested a continuance without a finding as to all counts, while the Commonwealth recommended convictions with a sentence of six months of incarceration in the house of correction, with thirty-six days to serve and the balance suspended for one year on all charges (except the disorderly conduct and disturbing the peace counts[4]). The judge rejected both recommendations, and instead offered to continue the two felony counts of assault and battery by means of a dangerous weapon without a finding and impose convictions on the two counts of assault and battery on a family or household member. Specifically, the judge said that he would not continue all counts without a finding in light of the defendant's prior criminal record and the serious nature of the charges. For the convictions, he offered to impose a split sentence of one year of incarceration in the house of correction, with thirty-six days to serve and the balance suspended for twelve months. Insofar as the defendant had already served thirty-six days for the violation of her terms of release, the defendant would be released from incarceration

---

[4] See note 1, <u>supra</u>.

forthwith if she accepted the plea terms.  Following a full colloquy, including an explanation as to the consequences of any violation of probation or terms of the plea, the defendant accepted the terms offered by the judge.

Discussion.  "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b)."  Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015), quoting Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014).  Motions for a new trial are committed to the sound discretion of the judge, Commonwealth v. Moore, 408 Mass. 117, 125 (1990), and "are granted only in extraordinary circumstances."  Commonwealth v. Comita, 441 Mass. 86, 93 (2004).  "Reversal for abuse of discretion is particularly rare where the judge acting on the motion was also the trial judge."  Commonwealth v. Schand, 420 Mass. 783, 787 (1995).  See Commonwealth v. Williams, 71 Mass. App. Ct. 348, 354 (2008) ("as the motion judge was also the plea judge, we accord substantial deference to his decision to deny the motion").  "A judge may make the ruling based solely on the affidavits and must hold an evidentiary hearing only if the affidavits or the motion itself raises a 'substantial issue' that is supported by a 'substantial evidentiary showing.'"  Commonwealth v. Scott, 467 Mass. 336, 344 (2014), quoting Commonwealth v. Stewart, 383 Mass. 253, 260 (1981).

4

Here, the defendant contends that her plea was not knowing, voluntary, or intelligent because (1) she did not know or understand the elements of the offenses to which she pleaded guilty, i.e., the counts of assault and battery on a family or household member; and (2) she was unaware of the maximum sentence for the disposition at issue or for each of the charges individually.  In her affidavit in support of the motion to withdraw guilty plea, the defendant averred that (1) she thought that she "was going to get, all of [her] charges continued without a finding"; (2) she did not understand that the guilty pleas would stay on her record forever and that she would "get a longer sentence for any charges in the future"; and (3) in speaking with her plea attorney, she did "not remember discussing the maximum sentence for each of the charges against [her] . . . or the possible consequences if [she] was found in violation of probation."[5]  Her claims are unavailing.

Whether a plea is intelligently and voluntarily made is confirmed in the ordinary course by the plea judge during the required colloquy.  See Commonwealth v. Correa, 43 Mass. App. Ct. 714, 716-717 (1997).  Here, the lengthy and detailed plea

---

[5] The defendant's plea counsel did not file an affidavit in support of the motion to withdraw guilty plea.  According to the defendant's appellate counsel's affidavit, plea counsel told her that "he had fully advised [the defendant] but refused to sign an affidavit."

5

colloquy shows that the plea judge reviewed the waiver of rights, the charges, and the terms of the plea deal with the defendant. "A plea is made intelligently if (1) the judge explain[s] to the defendant the elements of the crime; (2) counsel represent[s] that [he] has explained to the defendant the elements he admits by his plea; or (3) the defendant admits to facts recited during the colloquy which constitute the unexplained elements" (quotations and citation omitted). Commonwealth v. Wentworth, 482 Mass. 664, 679 (2019).

Here, contrary to the defendant's claim, the record reveals that the defendant admitted to facts recited during the colloquy which constituted all the elements of the offense of assault and battery on a household or family member.[6] As to the 2018 case, the prosecutor's recitation of facts stated that the defendant grabbed the boyfriend by his tank top, cut him on the right side of his chest with a knife, and grabbed him. The recitation of facts further stated that the boyfriend and the defendant had a "dating relationship" and that the assault and battery was made upon a "family household member." These facts constituted the elements of assault and battery on a household or family member, see G. L. c. 265, § 13M, and the defendant agreed that the Commonwealth's summary of events was "essentially what

---

[6] See note 2, supra.

6

happened."  As to the 2019 case, the prosecutor's recitation of facts stated that the defendant and her boyfriend were "in a dating relationship" and that she "grabbed a wine bottle and struck him in the head with it."  Here again, these facts constituted the elements of assault and battery on a family or household member, and the defendant agreed that the Commonwealth's summary of events was "essentially what happened."  See generally Commonwealth v. Sherman, 451 Mass. 332, 335-338 (2008).

For similar reasons, we reject the defendant's contention that she was unaware of the maximum sentence for the disposition at issue.  The judge advised the defendant that if she accepted the plea terms, she would receive a guilty finding on the two counts of assault and battery on a family or household member and receive a sentence of "[twelve] months in the house of correction, [thirty-six] days to serve, that would be deemed to have [been served], the balance suspended for [twelve] months."  He further advised, with respect to the "continuance without a finding felonies" on the two assault and battery by means of a dangerous weapon counts, any violation of the terms of the continuance could result in her being "sentenced up to two and a half years out of this Court."  The judge further stated that, in the event of any violations of the terms of probation with respect to the assault and battery on a household or family

7

member convictions, "those [sentences] may be imposed and you could be served the balance of those as [twelve] months."[7] When asked if she understood, the defendant told the judge, "I do." In short, the judge did explain the maximum sentences connected to the disposition at issue, and his explanations conformed with Mass. R. Crim. P. 12 (c) (3), as amended, 489 Mass. 1501 (2022), as well as our case law. See Sherman, 451 Mass. at 341-342.[8] Accordingly, the judge did not abuse his discretion in denying the defendant's motion to withdraw her guilty plea.

Order denying motion to
  withdraw guilty plea
  affirmed.

By the Court (Neyman, Grant &
  Hershfang, JJ.[9]),

*Joseph F. Stanton*

Clerk

Entered:  July 7, 2023.

---

[7] The judge also advised the defendant that "if you comply with these terms and there's no other issues at the end of the term of your probation, you'll be terminated and discharged from that probation."

[8] We note that the defendant completed her probation without any violations and thus was not exposed to any of the maximum sentences on any of the charges in the present case.

[9] The panelists are listed in order of seniority.

8